IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EARLY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1663 |
| | ) | |
| LARRY LUDWIG, Parole Supervisor; | ) | Judge Gary L. Lancaster/ |
| COLBY CONNERS, Parole Officer; | ) | Magistrate Judge Amy Reynolds Hay |
| JOSEPH GOBER, Parole Supervisor; D.A. | ) | |
| ANTHONY, Parole Technician; JEFFREY | ) | |
| A. BEARD, Secretary/Commissioner of | ) | |
| Pennsylvania Department of Corrections; | ) | |
| BERNADETTE MASON, Grievance | ) | |
| Coordinator/Litigation Officer; JOHN | ) | |
| KERESTES, Superintendent; DORINA | ) | |
| VARNER Chief Grievance Officer; KENT | ) | |
| D. WATKINS, Attorney, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed pre-service pursuant to the Prison Litigation Reform Act because Plaintiff's complaint fails to state a claim upon which relief can be granted.

### REPORT

Michael Early ("Plaintiff"), currently incarcerated as a state prisoner in SCI Mahanoy, has filed this civil rights action, alleging that the Defendants have wrongfully revoked his parole and/or have improperly calculated his maximum sentence expiration date because they

erroneously denied him "street time" as a convicted parole violator when, in fact, he was not on parole at the time he committed his crime of escape. His logic is simple, he claims that because he was in custody at a Community Corrections Center ("CCC") at the time he committed his crime of escape from the CCC, he could not have been "at liberty on parole" and therefore he could not be a convicted parole violator, rather he was merely a prisoner, not on parole, and he committed his crime as a prisoner and thus, cannot be liable as a parole violator. Because this civil rights action necessarily calls into question the validity of his parole revocation and his sentence and, if successful, would in essence require that he be released prior to the currently calculated maximum sentence date, and because that currently valid sentence calculation has not been called into question nor has such allegedly improperly calculated sentence expired (even though, if calculated according to Plaintiff's way, it would have already expired, and thus arises his claim of illegal incarceration beyond his maximum date), the instant suit is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

### A. Relevant Procedural and Factual History

Plaintiff, proceeding pro se, and in forma pauperis executed a civil rights complaint pursuant to 42 U.S.C. §1983. Dkt. [1-3] at 1 & 5 ("affidavit in support of complaint 42 U.S.C.S [sic] 1983"). In that complaint, he attacked the actions of defendants in calculating his maximum sentence expiration date and/or for their role in his parole being revoked. In the complaint, Plaintiff sought as a remedy monetary damages, "for each day past [sic] plaintiff['s] expiration date commencing from July 31, 2008[.]" Dkt. [1-2] at 8.

### B. Applicable Legal Principles

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

---

1. The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Similarly, because Plaintiff is a prisoner challenging prison conditions, and is a prisoner suing government agencies and/or employees thereof, the screening provisions of 42 U.S.C. § 1997e and the screening provisions of 28 U.S.C. 1915A apply as well.

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915(e) and 1915A and by 42 U.S.C. § 1997e and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not

bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted).

Dismissal is proper under Rule 12(b)(6) and, hence, under the three PLRA screening provisions, where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim for relief under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that persons took actions under color of state law; and 2) that as a result of those actions, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

**C. Discussion**

In his complaint, Plaintiff named as defendants several Department of Corrections employees who were all[2] personally involved somehow in calculating Petitioner's maximum

---

2. This would be true of every DOC employee other than Defendant Beard who, as the DOC Secretary did not appear to be personally involved in the decision to calculate Plaintiff's sentence or to reject Plaintiff's grievance appeals concerning the same. Given that Defendant Beard had no personal involvement in the alleged wrongdoing, the complaint fails to state a claim against him as a matter of law. See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.")(citing, Parratt v. Taylor, 451 U.S. 527, 537 (1981)).

expiration date and or in responding to grievances concerning the same. Plaintiff also named as defendants, several employees of the Pennsylvania Board of Probation and Parole, who likewise had a role in either calculating Plaintiff's maximum sentence expiration date or in causing Plaintiff's parole to be "wrongfully" revoked which necessarily had an affect on the calculation of his maximum sentence expiration date. By way of relief, Plaintiff sought to have monetary damages awarded him "for each day past [sic] plaintiff['s] expiration date commencing from July 31, 2008[.]" Dkt. [1-2] at 8. Because Plaintiff's claims, if successful would necessarily call into question his continued confinement, i.e., call into question the validity of his sentence beyond a certain date, namely, the date he claims is the properly calculated expiration date of his sentence, which is a date earlier than the date that the Defendants have calculated, his complaint is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, a state prisoner, convicted of voluntary manslaughter, brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. <u>Heck</u>, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction **or imprisonment**, or for other harm caused by actions whose unlawfulness would render a conviction **or sentence** invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

6

Heck 512 U.S. at 486-87 (emphasis added)(footnote omitted). Although Heck was decided in the context of a plaintiff who was essentially attacking a conviction, the reasoning of Heck has been extended to convicts, such as Plaintiff, who are attacking parole decisions, Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Ali v. Hubbard, 125 F.3d 841 (Table), 1997 WL 556293 (1st Cir. 1997); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck "applies to proceedings that call into question the fact or duration of parole or probation."); White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997)("A § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the 'fact or duration of [the plaintiff's] confinement'" and is barred by Heck); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995), and Heck has also been extended to convicts who are attacking sentence calculations. Royal v. Durison, 254 Fed.Appx. 163, 165-66 (3d Cir. 2007) (rejecting as Heck-barred a sentence calculation claim). See also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)("When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' - - the validity of the continued conviction or the fact or length of the sentence - - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.")(emphasis added).

Instantly, Plaintiff claims that his parole agents wrongfully revoked his parole because at the time of the revocation, he was not under parole supervision. Dkt. [1-2] at 3 ("Defendant

Ludwig . . . filed the same Technical violations . . . while knowing Plaintiff was not on parole or under his jurisdiction). The same holds true for Defendant Conners. Id. Such claims as wrongful revocation of parole, necessarily call into question Plaintiff's sentence and hence are barred under Heck. Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) ("Thus, the threshold question becomes whether Williams's success on his § 1983 action would 'necessarily demonstrate' the invalidity of the Parole Board's decision to revoke his parole, which would in turn render his § 1983 action uncognizable under Heck."); Williams v. Marino, Civ. A. No. 4:CV-08-792, 2008 WL 2247090, at * 4 n.8 (M.D.Pa. May 30, 2008)(claims that imply the invalidity of parole revocation are Heck barred) .

As for all of the remaining defendants, except for Defendant Kent Watkins, Plaintiff alleges that their actions caused him to "suffer a lenghtened [sic] or excessive incarceration" beyond his maximum expiration date. Dkt. [1-2] at 4, ¶¶ 3; 4 to Dkt. [1-2] at 5 to 6, ¶¶ 5 to 8. The allegations against Defendant Watkins are that he was Plaintiff's counsel before the Board of Parole and/or the Commonwealth Court assigned to seek administrative relief in the Commonwealth Court and that he utterly failed to do anything to advance Plaintiff's interests. It is clear that if Plaintiff were successful in his claims, his success would inevitably have the result of impacting the length of his time he would serve in prison.

In addition, although Plaintiff did not explicitly seek an order requiring that he be released on parole, he nevertheless sought money damages "for each day past [sic] plaintiff['s] expiration date commencing from July 31, 2008[.]" Dkt. [1-2] at 8. That such monetary damages necessarily call into question the validity of his continued confinement is made clear by the reasoning of the court in Swimp v. Rubitschun, No. 1:06-CV-592, 2006 WL 3370876, at *3

(W.D. Mich. Nov. 20, 2006), which held that: "Plaintiff in this case seeks money damages for a flawed process. Plaintiff would not, however, suffer damages based upon the Defendants' reliance on false information unless that false information resulted in the denial of parole. The only meaningful money damages would be damages for a wrongful continued confinement. In other words, Plaintiff's success on a claim for money damages would imply an erroneous parole decision."

In light of the foregoing, because Plaintiff's success in this lawsuit would necessarily imply the invalidity of his continued confinement beyond a certain date, Plaintiff is barred by Heck, unless or until he has met the conditions of Heck, to wit, that the calculation of his maximum expiration date for his sentence has been called into question by either being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" or something analogous thereto. Heck, 512 U.S. at 487. Accordingly, Plaintiff's civil rights complaint should be dismissed pre-service pursuant to the PLRA, for failing to state a claim based upon Heck. Of course, such a dismissal would be without prejudice to Plaintiff's refiling this civil rights suit once he has met the prerequisites of Heck. Higgins v. City of Tulsa, Oklahoma, 103 Fed.Appx. 648, 651 (10th Cir. 2004)("when a § 1983 claim is dismissed under Heck, the dismissal is without prejudice. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003). 'If the plaintiff is later successful in overturning his conviction, he is allowed to bring his § 1983 action at that time.' Id.").

As to the allegations against Defendant Watkins, Plaintiff's attorney, to the extent that such allegations against Attorney Watkins do not necessarily call into question the calculation of

9

Plaintiff's maximum expiration date, the complaint against him must be dismissed because even reading the complaint liberally, it fails to state a claim against Attorney Watkins under the Civil Rights Act since the acts of an attorney undertaken to represent a client are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980); Palismo v. California Dept. of Corrections, 145 Fed.Appx. 215 (9th Cir. 2005)(attorney who represented former parolee in parole proceedings in which his parole was revoked for failure to attend counseling sessions was not liable to parolee for damages under § 1983, where attorney, a lawyer in private practice, was not acting under color of state law in parole proceedings).

Accordingly, the complaint must be dismissed pre service pursuant to the PLRA for failure to state a claim upon which relief can be granted.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay

United States Magistrate Judge

Dated: 24th February, 2009


cc: The Honorable Gary L. Lancaster
U.S. District Court Judge

Michael Early
EV-5187
SCI Mahanoy
301 Moread Road
Frackville, PA 17932